UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ASKAR SALEH ALI (A043-550-030),


                              Plaintiff,

                                                    DECISION AND ORDER

                                                    06-MC-6013L


              v.

ALBERTO R. GONZALES, Attorney General
of the United States; the UNITED STATES
DEPARTMENT OF JUSTICE, Department of Homeland
Security; Commissioner, Bureau of Citizenship and
Immigration Service; Director, USCIS, Vermont
Service Center; District Director, BCIS, Buffalo, NY;
Assistant District Director for Examinations,
BCIS, Buffalo, NY,


                              Defendants.
_____


        Plaintiff, Askar Saleh Ali, commenced this action by filing a complaint for mandamus

seeking an order directing defendants, who include the United States Citizenship and Immigration

Services ("CIS") and related federal agencies (collectively "the Government"), to render a decision

on his application for citizenship.  Ali, a citizen of Yemen, alleges that he is a lawful permanent

resident of the United States, that he underwent a naturalization examination interview in April

2003, and that he has satisfactorily completed all of the requisite tests for citizenship, but that

defendants have consistently told him that his application is still pending, and have never given him a reason why it has not been or cannot be granted.

Defendants have answered the complaint, asserting affirmative defenses alleging that the statutorily-mandated examination of plaintiff has not been completed, *see* 8 U.S.C. §§ 1446, 1447, and that until that occurs, defendants cannot issue a decision on Ali's citizenship application. Defendants also contend that Ali's claim is not ripe for judicial review, and that the Court should dismiss the complaint for lack of subject matter jurisdiction.

In addition, Ali now moves for an order compelling defendants to provide him with temporary evidence of his status as a lawful permanent resident of the United States.  Ali alleges that the Permanent Resident Card (commonly known as a "green card") that was issued to him in 1993 expired in 2003, that defendants have not acted on either his requests for a replacement green card, or his requests for temporary evidence of his lawful permanent resident status pending adjudication of his request for a new green card.

## STATUTORY FRAMEWORK

Under the applicable provisions of the Immigration and Nationality Act ("INA") and the governing regulations, the general requirements for obtaining citizenship through naturalization specify that "[n]o person ... shall be naturalized" unless the applicant meets certain criteria, such as having resided continuously in the United States for at least five years, and being a "person of good moral character ... ."  8 U.S.C. § 1427(a).  In addition, the applicant must undergo a background check by the FBI for reasons of national security.  *See* Pub.L. 105-119, Title I, 111 Stat. 2448 (Nov. 26, 1997), *reprinted in* Notes to 8 U.S.C. § 1446; 8 C.F.R. § 335.2(b).

After the background check has been completed, each applicant must appear in person before a CIS officer for an "initial examination." 8 U.S.C. § 1446; 8 C.F.R. § 335.2(b). The examination includes questioning by the officer about matters contained in the applicant's written submissions, as well as tests of English literacy and basic knowledge of the history and government of the United States. 8 C.F.R. § 335.2(c). CIS is to render a decision on the citizenship application "at the time of the initial examination or within 120-days [sic] after the date of the initial examination of the applicant for naturalization under § 335.2." 8 C.F.R. § 335.3(a). If CIS fails to issue a decision on the application within 120 days after the date of the examination, "the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." 8 U.S.C. § 1447(b).

## DISCUSSION

In support of its contention that the Court lacks subject matter jurisdiction, the Government takes the position that the "examination" triggering the 120-day period under § 1447(b) includes not just the interview by a CIS examining officer, but also the FBI background check. The Government contended that the examination is not complete, and the 120-day period does not begin to run, until the interview has been conducted *and* the background check has been completed. Since Ali's background check has not been completed, the Government argues, the matter is not ripe for review.

In a case almost identical to this one in all relevant respects, *Lin v. Secretary, U.S. Dep't of Homeland Security*, 07-MC-6012L, the Court recently issued a Decision and Order (Dkt. #4, Apr. 4, 2007), rejecting the Government's argument. The Court "agree[d] with those courts that have

held that it is the interview date, not the completion of the background check and other procedural requirements, that triggers the start of § 1447's 120-day period within which CIS is to issue a decision." Slip op. at 3-4.

For the reasons stated in my Decision and Order in *Lin*, familiarity with which is assumed, I likewise find here that the Court has subject matter jurisdiction over Ali's claim, and that Ali is entitled to relief, since the 120-day period for a decision on Ali's application has long since expired. As in *Lin*, I also remand this action to CIS, with directions to issue a decision on Ali's application, as set forth in the Conclusion of this Decision and Order.

## CONCLUSION

This matter is remanded to the United States Citizenship and Immigration Services ("CIS"), with instructions to render a decision on plaintiff's application for citizenship within 120 days of the date of issuance of this Decision and Order.

Defendants are ordered to show cause within thirty (30) days of the date of issuance of this Decision and Order why the Court should not issue an order directing defendants to provide plaintiff with either (1) a new Permanent Resident Card, or (2) temporary evidence of his lawful permanent resident status pending CIS's adjudication of his application for a new Permanent Resident Card.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 1, 2007.